# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER SURLES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-cv-01025-MHH-JHE |
| DR. BLALOCK, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

In this action, pursuant to 42 U.S.C. § 1983, *pro se* plaintiff Christopher Surles asserts claims against Dr. Jeana Blalock and Nurse Tamera Jones for alleged violations of his rights under the United States Constitution and state law. (Docs. 1, 15). On March 8, 2024, the magistrate judge entered a report in which he recommended that the Court dismiss Mr. Surles's complaint with prejudice based on the doctrine of *res judicata*. (Doc. 29). The magistrate judge advised the parties of their right to file specific written objections to the report within 14 days. (Doc. 29). To date, the Court has not received objections.

In his report, the magistrate judge explained that in 2021, Mr. Surles sued Dr. Blalock and Nurse Jones in the Circuit Court of Montgomery County, Alabama. In his state court complaint, Mr. Surles sought a court order directing the defendants to provide adequate medical treatment to the "correct national standard of care" for

keloids on his ears.  (Doc. 29, p. 3) (citing Doc. 21-1).[1]  The Circuit Court of Montgomery County, Alabama denied Mr. Surles's request for an order for medical treatment and dismissed the state court action with prejudice.  (Doc. 29, p. 5) (citing Doc. 21-4).  Mr. Surles was not successful on appeal.  (Doc. 29, pp. 5-6) (citing Doc. 21-5).  In his second amended complaint in this case, Mr. Surles seeks treatment of the keloids on his ears consistent "with the correct national standard of care."  (Doc. 15, p. 5).

In his report, the magistrate judge explained that although the defendants did not raise *res judicata* as a basis for their summary judgment motion, they raised the affirmative defense in their answer.  (Doc. 29, p. 7) (citing Doc. 18, p. 3).  The magistrate judge described the legal standard for *res judicata* and explained why the affirmative defense bars Mr. Surles's claims in this action.  (Doc. 29, pp. 8-10).  The magistrate judge informed the parties that the Court could grant summary judgment on a ground not raised by a party and that the report constituted notice that the Court might enter judgment for the defendants in this case on the basis of *res judicata*.  (Doc. 29, pp. 6-7).  More than 14 days have passed since the magistrate judge entered his report, and the Court has not received objections or a *res judicata* summary judgment response from Mr. Surles.

---

[1] Mr. Surles also asked the state court to fine the defendants.  (Doc. 21-1, p. 4).

After reviewing the record in this case including the magistrate judge's report and the state court submissions and orders relevant to *res judicata*, the Court adopts the report and accepts the magistrate judge's recommendation. Consistent with that recommendation, by separate order, the Court will dismiss Mr. Surles's claims for adequate medical treatment in this case because *res judicata* prohibits the re-litigation of his claims in this action.

**DONE** and **ORDERED** this March 29, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE